UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN K. WILSON,
    Petitioner,

v.

D. PARAMO,
    Respondent.

Case No. 17-cv-01040-RS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the petition on or before **July 10, 2017**, unless an extension is granted.

## BACKGROUND

In 2011 in the Santa Clara County Superior Court, petitioner pleaded no contest to 21 counts of lewd conduct with a child under the age of 14 and was convicted after a bench trial on another count of the same crime. Petitioner tried to withdraw his no contest pleas, but the trial court denied his motion and sentenced him to 50 years in state prison. Petitioner appealed on grounds that his pleas were not voluntary.

The appellate court found the evidence of voluntariness "clearly contradictory." *People v. Wilson*, No. H037600, 2012 WL 6641486 at *6 (Cal. Ct. App. Dec. 12, 2012). In consequence, it remanded the action to the trial court to resolve the factual conflicts and

1 then rule on petitioner's withdrawal motion. "We express no opinion as to how the court should resolve the factual conflicts, or as to the outcome of the motion." *Id.*

On remand, the trial court, after a hearing, denied the motion to withdraw, and reinstated the pleas and sentence. (Pet. at 7.) Petitioner sought, but was denied, relief in the state courts. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) the trial court violated his constitutional rights when it refused to allow him to withdraw his plea on remand; and (2) defense counsel rendered ineffective assistance. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner on or before **July 10, 2017** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on

1  petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within sixty (60) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's application to proceed *in forma pauperis* (Dkt. No. 3) is GRANTED.

9. The Clerk shall terminate Dkt. No. 3.

**IT IS SO ORDERED.**

**Dated:** May 2, 2017

_____
RICHARD SEEBORG
United States District Judge

ORDER TO SHOW CAUSE
CASE NO. 17-cv-01040-RS

3